## 43723. HART et al. v. MADDEN et al.
### (349 SE2d 737)

WELTNER, Justice.

The Board of Commissioners of Roads and Revenues of Madison County was created in its present form by an act of the General Assembly in 1965 (Ga. Laws 1965, p. 2667 et seq.). Section 13 of this Act (p. 2672) enumerates in detail matters over which the board has exclusive jurisdiction, and concludes: "The enumeration of powers and duties hereinbefore made shall not be construed as a limitation of the powers of the board to such powers expressly enumerated. *The board is hereby expressly given complete power, authority, and control relative to county matters in Madison County.*" (Emphasis supplied.)

In March of 1986 a dispute arose within the county commission of Madison County. From testimony, it appears that since sometime in the late 1970's premiums for group health and life insurance covering the clerk of the superior court, judge of the probate court, sheriff, tax commissioners, and some county commissioners had been paid from county funds. No one was able to find a resolution authorizing these payments, but all agreed they had been made. At a meeting of the commissioners on March 16, 1986, the chairman expressed the opinion that it was unlawful for county funds to be used to pay premiums on group life and health insurance for certain elected county officials. The two remaining members disagreed, and passed a resolution under the terms of which county funds would be used to pay premiums on the group insurance covering (1) the clerk of the superior court, (2) judge of the probate court, (3) sheriff, and (4) tax commissioner. The chairman refused to make payments of premiums for the four elected county officials. The remaining commissioners filed this mandamus action to compel payment.[1] The trial court denied re-

---

[1] It is our understanding that these payments did not include premiums paid on behalf

lief.

Art. IX, Sec. I, Par. III of the Constitution of Georgia provides in part as follows: "Minimum compensation for said county officers [clerk of the superior court, judge of the probate court, sheriff, and tax commissioner] may be established by the General Assembly by general law. Such minimum compensation may be supplemented by local law or, if such authority is delegated by local law, by action of the county governing authority."

We hold that the 1965 Act of the General Assembly constitutes a legislative delegation to the county commission of the power to supplement the minimum compensation of the four elected county officials by paying from county funds premiums on group health and life insurance. *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981).

*Judgment reversed. All the Justices concur, except Clarke, P. J., and Gregory, J., who dissent.*

CLARKE, Presiding Justice, dissenting.

I am unable to agree with the majority because I do not believe the very general grant of authority in the local act relied upon by the majority overcomes the more specific limitations in the Constitution.

The foundation for compensation of county officers is constitutional and reads thusly: "Minimum compensation for county officers may be established by the General Assembly by general law. Such minimum compensation may be supplemented by local law or, if such authority is delegated by local law, by the action of the county governing authority." Art. IX, Sec. I, Par. III. The framework built upon this constitutional foundation is the general law which prescribes minimum compensation for county officers. Plainly, the General Assembly had the right to enact such a statute under the Constitution. The General Assembly also has the right to supplement the minimum compensation by local law but nothing in the record of this case indicates that this has been done. The question before us here is the power of this county governing authority to supplement the compensation. The Constitution says it may do so if such authority is delegated by local law. The holding of the majority interprets the grant of power relative to county matters as sufficient delegation. I do not think this general grant overcomes the specific limitations. We have held that where there is a reasonable doubt regarding the existence of a delegated power, it should be resolved in the negative. *Beazley v. DeKalb County*, 210 Ga. 41 (77 SE2d 740) (1953). I would adhere to this rule and therefore I must dissent.

of the county commissioners. The two commissioners who brought this action testified that neither wanted the coverage, and did not want the county to make any payments on their behalf. The chairman voted against the resolution.

I am authorized to state that Justice Gregory joins in this dissent.

DECIDED NOVEMBER 13, 1986 —
RECONSIDERATION DENIED DECEMBER 2, 1986.

R. Dale Perry, Hudson & Montgomery, James E. Hudson, for appellants.
B. Lane Fitzpatrick, for appellees.
Barnes, Browning, Tanksley & Casurella, Roy E. Barnes, amicus curiae.